LIGHT v. GOLDING, Director of Department of Registration, et al.

No. 6033.   Decided December 14, 1938.   (85 P. 2d 114.)

*A. A. Duncan* and *La Mar Duncan*, both of Salt Lake City, for appellant.

*Joseph Chez*, Atty. Gen., and *Zelph S. Calder*, Deputy Atty. Gen., for respondents.

WOLFE, Justice.

Appeal from an order sustaining a demurrer to a petition for prohibition and dismissing said petition.

On or about the 19th day of March 1938, plaintiff and appellant was served with a citation that he was guilty of

unprofessional conduct in that on or about the 3d day of February, 1938, he prescribed, in violation of Section 25, Chapter 80, Laws of Utah 1935, a certain narcotic drug, to wit, dilaudid. The citation commanded plaintiff to appear before the Department of Registration on April 21, 1938, then and there to show cause why his license to practice as a physician should not be suspended or revoked for unprofessional conduct as set out in the verified petition.

The plaintiff below, and appellant herein, filed an application in the District Court of Salt Lake County to prohibit the Department of Registration and the doctor's committee charged with the duty of hearing complaints for the revocation or suspension of licenses from entertaining the charge against the doctor or proceeding with the hearing on the ground that they had no jurisdiction to entertain or proceed. The defendants in that application for a writ of prohibition and respondents here filed a demurrer. The demurrer was sustained and from such ruling this appeal is taken.

It is contended that neither the Department of Registration nor the committee has jurisdiction because Section 33 of Chapter 80 of Laws of Utah 1935 provides that upon conviction of a doctor of a violation of the act the court may suspend or revoke his license to practice his profession. It is claimed the power to revoke or suspend a license for violation is therefore by Chapter 80, Laws of Utah 1935, exclusively within the courts.

Before the enactment of this statute the Department of Registration under subdivision 10 of Sec. 79-9-18, R. S. U. 1933, had power to revoke or suspend a physician's license for wrongly prescribing narcotics. It is under such power that the Department of Registration purports to act in this case. Section 79-9-18 nor any part of it has been repealed by statute. The question need not detain us long. It is quite apparent that Chapter 80, Laws of Utah 1935, intended to give the court a power additional to that of fining and imprisoning in the case of a doctor by permitting the court

to revoke or suspend the license upon conviction. Such could be a part of the sentence just as in the case of a public official convicted of malfeasance in office—it is mandatory as part of the sentence to discharge him from the office. Chapter 80 in no way intended to interfere or disturb the administration powers of the Department of Registration.

In *Tite* v. *Tax Commission*, 89 Utah 404, 57 P. 2d 734, much time was devoted to pointing out the difference between an administrative board handling in its administrative capacity an act claimed to be unprofessional conduct and the same act in its aspect as a crime. The difference was pointed out in differentiating judicial from administrative or executive powers. Nothing more need be added in this case respecting that difference. Under Chapter 80 the court could, but was not required to, revoke or suspend the doctor's license as part of the punishment and by way of protection to society. If it did not so revoke or suspend the license, the Department of Registration still had the power to do so if in its administrative capacity it took the necessary steps.

That the Department of Registration had jurisdiction over the case administratively is shown by the fact that the clerk of the court upon conviction was required to send a copy of of the judgment and sentence, together with the opinion of the court, if any, to the Department of Registration. If this sentence showed a revocation or suspension of license, the Department of Registration would need go no further in that regard, but has only the duty to see that the doctor did not practice while his license was not in force. If the sentence did not include revocation or suspension, the Department could proceed administratively to revoke or suspend the license. And independently of any criminal charge the Department of Registration might so proceed. There is nothing inconsistent or incompatible in giving the court the power to revoke or suspend at the same time leaving in the administrative board or department the power to proceed in that regard in an inquiry as to whether the alleged unprofessional conduct merited such revocation or suspension

as a part of its duties in administering the law governing and regulating the practice of medicine.

The judgment of the lower court is affirmed. Costs awarded to the respondents.

FOLLAND, C. J., and HANSON, MOFFAT, and LARSON, JJ., concur.